William Webb Farrer (SBN 95276)
LAW OFFICES OF WILLIAM WEBB FARRER
300 Montgomery Street, Suite 600
San Francisco, California 94104
(415) 765-9100
(415) 765-9109 (fax)

Attorneys for Creditor
Stella Chen

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>DEMAS WAI YAN aka DENNIS YAN,<br><br>    Debtor.<br>_____<br><br>STELLA CHEN,<br><br>    Plaintiff,<br><br>    v.<br><br>DEMAS WAI YAN aka DENNIS YAN<br><br>    Defendant.<br>_____ | Case No. 04-33526<br>Chapter 11<br><br><br><br><br><br>Adversary Proceeding No.<br><br><br>**COMPLAINT TO DETERMINE NATURE, EXTENT, VALIDITY AND PRIORITY OF RECORDED LIEN AGAINST PROPERTY OF THE ESTATE** |

       Plaintiff Stella Chen ("Chen") complains and alleges against the debtor Demas Wai Yan aka Dennis Yan ("Yan"), as follows:

**JURISDICTION AND VENUE**

       1.    This Court has jurisdiction over the subject matter of the claims alleged herein pursuant to the provisions of 28 U.S.C. Sections 1334 and 959 and the Reference Order of the United States District Court.

       2.    Venue is proper in the above-entitled court pursuant to the provisions of 28

U.S.C. Section 1409(a).

3. The claims alleged herein are core proceedings pursuant to the provisions of 28 U.S.C. Section 157(b)(2)(A) and (b)(2)(K).

**FIRST CLAIM FOR RELIEF**
(Determination of Nature, Extent, Validity & Priority of Stella Chen Deed of Trust)

4. Chen is an individual residing in the City and County of San Francisco.

5. On December 19, 2004, Yan commenced the above-captioned bankruptcy case by filing a Voluntary Petition under Chapter 11 of the Bankruptcy Code. In connection with that filing Yan claims to own four condominiums located on one parcel of property with street addresses of 661, 663 and 665 Chenery St., San Francisco, CA consisting of one commercial unit at 661 Chenery Street and three residential units (the "Property").

6. On November 13, 2002, Yan made, executed and delivered a written Installment Note (the "Note"), pursuant to which Yan agreed to pay Chen the sum of $450,000.00 upon the sale of the Property. The Note expressly requires Yan to market the Property until it is sold in order to pay off the Note. The Note also includes an attorney's fee clause entitling Chen to collect the legal fees incurred herein. A true and correct copy of the Note is attached hereto as Exhibit A and is incorporated herein by this reference.

7. To secure performance and repayment of the Note, on November 13, 2002, Yan made, executed and delivered a Short Form Deed of Trust and Assignment of Rents against the Property in favor of Chen which was thereafter duly recorded in the San Francisco County Recorder's Offices as Document No. 2002-H291694-00 (the "Deed of Trust"). The Deed Of Trust includes an attorney's fee clause entitling Chen to collect the legal fees incurred herein. A true and correct copy of the Deed of Trust is attached hereto as Exhibit B and is incorporated herein by this reference.

8. Thereafter, Yan built the four condominiums on the Property. Consistent with his obligations under the Note to market the Property until the Note was paid off, on or about September 25, 2003, Yan entered into a written purchase and sale agreement to sell the commercial unit located at 661 Chenery Street for the sum of $418,000. In connection with that

1  sale, on January 8, 2004, Yan made, executed and delivered written Escrow Instructions

2  instructing Old Republic Title Company to pay off the Note in full. A true and correct copy of

3  those Escrow Instructions are attached hereto as Exhibit C and are incorporated herein by this

4  reference.

5        9. In connection with that sale, on or about January 12, 2004, Yan made,

6  executed and delivered revised written Escrow Instructions instructing Old Republic Title

7  Company to pay off the Note in full. A true and correct copy of those revised Escrow Instructions

8  are attached hereto as Exhibit D and are incorporated herein by this reference.

9        10. On September 1, 2004, Chen commenced non-judicial foreclosure

10  proceedings against the Property under the Deed of Trust by recording a Notice of Default. A true

11  and correct copy of that Notice of Default is attached hereto as Exhibit E and is incorporated

12  herein by this reference.

13        11. Yan did not cure the Notice of Default so on December 2, 2004, Chen

14  recorded a Notice of Trustee's Sale against the Property scheduling a trustee's sale for December

15  28, 2004. A true and correct copy of that Notice of Trustee's Sale is attached hereto as Exhibit F

16  and is incorporated herein by this reference.

17        12. Rather than cure the monetary and non-monetary defaults under the Notice

18  of Default and Notice of Trustee's Sale, Yan instead commenced the above-captioned case thereby

19  automatically staying Chen's foreclosure.

20        13. On December 19, 2004, Yan filed his Statement of Financial Affairs and

21  Schedules of Assets and Liabilities (the "Statements") wherein he disputes the nature, extent and

22  validity of the Note and Deed of Trust. Chen is informed and believes that Yan contends that the

23  Note and Deed of Trust are null and void for lack of consideration.

24        14. Based upon information contained in the Statements, Chen is informed and

25  believes and on that basis alleges that, commencing in March 2004, Yan rented one or more of the

26  residential units at the Property to third parties and collected and consumed the rents collected for

27  his own benefit notwithstanding his assignment of those proceeds to Chen under the Deed of

28  Trust.

Complaint to Determine Nature, Extent and Validity of Lien (1319\P002.WWF)     - 3 -

15. Based on the foregoing, Chen desires a determination from this Court as to the nature, extent and validity of the Deed of Trust so she can obtain such other and further relief from this Court as will allow and entitle her to collect the Note in the event the Court determines the Deed of Trust to be a valid lien against the Property.

WHEREFORE, Chen prays for entry of judgment against Yan as follows:

1. For an order determining her Deed of Trust to be a valid, first priority lien and encumbrance against the Property that is enforceable according to its terms;

2. For a declaration determining the nature, extent, validity and priority of the Deed of Trust against the Property and in and to the rents, issues and profits generated by the Property;

3. For all attorney's fees and costs incurred herein such other and further relief as the court deems just and proper in the circumstances.

Dated: January 25, 2005         LAW OFFICES OF WILLIAM WEBB FARRER


                                By _____/s/_____
                                   William Webb Farrer,
                                   Attorney for Stella Chen