William Webb Farrer (SBN 95276)
Julie A. Marquis (SBN 178466)
LAW OFFICES OF WILLIAM WEBB FARRER
300 Montgomery Street, Suite 600
San Francisco, California 94104
(415) 765-9100
(415) 765-9109 (fax)

Attorneys for Secured Creditor
Stella Chen

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br>DEMAS WAI YAN aka DENNIS YAN,<br>    Debtor. | Case No. 04-33526 TEC<br>Chapter 11 |
| DEMAS YAN a/k/a DENNIS YAN,<br>    Plaintiff,<br>vs.<br>DONG FU (aka Tony Fu), et al,<br>    Defendants. | Adversary Proceeding No. 05-03257 |
| WEI SUEN, an individual,<br>    Plaintiff,<br>vs.<br>DEMAS YAN, et al,<br>    Defendants. | Adversary Proceeding No. 05-03257 |
| STELLA CHEN,<br>    Plaintiff,<br>v.<br>DEMAS WAI YAN aka DENNIS YAN<br>    Defendant. | Adversary Proceeding No. 05-03236<br>**DECLARATION OF STELLA CHEN IN SUPPORT OF POST-JUDGMENT MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**<br>Date: February 17, 2006<br>Time: 9:30 a.m.<br>Judge: The Honorable Thomas Carlson<br>Place: 235 Pine Street, 23rd Floor<br>San Francisco, CA 94104 |

**DECLARATION OF STELLA CHEN IN SUPPORT OF POST-JUDGMENT MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS** (1319\P055b.JAM) 1

Case: 05-03236 Doc# 55 Filed: 01/19/06 Entered: 01/19/06 18:20:15 Page 1 of 6

I, Stella Chen, declare:

1. I am the plaintiff in Adversary Proceeding No. 05-03236, and a defendant and cross-complainant in Adversary Proceeding No. 05-03257. I am over the age of 18 years and have personal knowledge of the matters set forth herein. If called as a witness, I would testify from personal knowledge as follows:

2. I am the sister of Fei Sing Fu, who resides in Hong Kong. The Debtor, Demas Yan ("Yan") is a friend of our family whom I have known for 13 years. During February 2002, Yan borrowed the sum of $450,000 from my brother Fei Sing Fu and my sister-in-law's uncle, Leung Hing Lau, which was later assigned to me for payment when Yan failed to repay that loan as originally agreed.

3. To memorialize that loan and assignment, on November 13, 2002, Yan made, executed and delivered an Installment Note payable to me in the amount of $450,000 (the "Note"). The Note recites that payment is not due until some or all of certain improved real property owned by Yan and located at 661 Chenery Street, San Francisco, California (the "Property") is sold. However, in order to prevent Yan from delaying payment longer than necessary, the Note expressly requires Yan to market the Property until the Note is paid. A true and correct copy of the Note is attached hereto as Exhibit A. The Note contains a provision entitling me to recover the legal fees I incur to enforce it.

4. In order to secure repayment of the Note, Yan made, executed, and delivered a Short Form Deed of Trust and Assignment of Rents against the Property in favor of me (the "Chen Deed of Trust"). The Chen Deed of Trust also contains a provision entitling me to recover the legal fees I incur to enforce it. Yan's signature on the Deed of Trust was notarized on November 13, 2002 and thereafter recorded with the San Francisco County Recorder on November 15, 2002. A true and correct copy of the Chen Deed of Trust is attached hereto as Exhibit B. The Chen Deed of Trust is the subject of these consolidated adversary proceedings, as well as the two related state court litigation matters removed to this court which are detailed in the memorandum of points and authorities accompanying my motion to recover the legal fees and costs I have incurred to enforce

**DECLARATION OF STELLA CHEN IN SUPPORT OF POST-JUDGMENT MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS** (1319\P055b.JAM) 2

the terms of the Note and Chen Deed of Trust.

. 5. As mentioned above, the consideration for the Note and Chen Deed of Trust is a $450,000 cash loan made to Yan in Hong Kong during February 2002. That obligation was assigned to me for payment and collection because my family deemed me to be the most stable and trustworthy family representative in this area, where Yan lives and his Property is located.

6. The Property was improved with a single family dwelling. Yan, as an owner/builder, proceeded to demolish the existing single family dwelling in order to subdivide and build four condominiums on the Property . That subdivision was approved, the condominiums were built and they now bear individual street addresses of 661, 663 and 665 Chenery Street and 70 Wilder.

7. On or about January 8, 2004, Yan prepared Escrow Instructions wherein he agreed to pay me $450,000 for the release and reconveyance of my Deed of Trust which he then sent via email to my other brother, Tony Fu, whom he asked to forward to me for review and signature. I signed those Escrow Instructions that same day. True and correct copies of Yan's transmittal email to my brother and the Escrow instructions prepared by Yan which I signed on January 8, 2004 are attached hereto collectively as Exhibit C.

8. On or about January 9, 2004, Old Republic sent me a written request for a payoff demand for the Note and Chen Deed of Trust which I completed and returned to Old Republic that day. A true and correct copy of that Request for Payoff Demand is attached hereto as Exhibit D. On January 12, 2004, I went to Old Republic's office where I met with Connie Ho, the escrow officer at Old Republic handling the escrow for the sale. At that meeting, Ms. Ho asked me to sign a Substitution of Trustee and Request for Reconveyance for the Chen Deed of Trust which I did. Ms. Ho then notarized those documents. True and correct copies of that Substitution of Trustee and Request for Reconveyance are attached hereto collectively as Exhibit E. At that same meeting, Ms. Ho then asked me to sign revised Escrow Instructions directing Old Republic to pay me $450,000 in satisfaction of the Note and Chen Deed of Trust, which I did after correcting the misspelling of my last name. I understand that Yan signed those same instructions the following

**DECLARATION OF STELLA CHEN IN SUPPORT OF POST-JUDGMENT MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS** (1319\P055b.JAM) 3

Case: 05-03236   Doc# 55   Filed: 01/19/06   Entered: 01/19/06 18:20:15   Page 3 of 6

1 day. A true and correct copy of those revised Escrow Instructions signed by me and Yan and left
2 with Old Republic are attached hereto as Exhibit F.

3     9. Thereafter, Yan refused to pay off the Note, took the Property off the market, and
4 started renting the condominiums for his own personal profit.

5     10. In March of 2004, I was served with a complaint filed by Yan against me and others
6 to quiet title to the Property (the "Complaint"), in connection with the state court litigation that
7 preceded the above-referenced bankruptcy case in the matter entitled *Demas Yan v. Dong Fu, et
8 al.,* San Francisco County Superior Court Case No. CGC-04-428960 (the "First State Court
9 Action").

10     11. During March 2004, I retained the Law Offices of David M. Zeff (the "Zeff Firm")
11 to represent me in the First State Court Action. Over the course of that engagement, the Zeff Firm
12 billed me the sum of $9,219.25, including $8,771.25 in attorneys' fees and $448.00 in costs, which
13 I have paid. True and correct copies of the invoices I received from the Zeff Firm are attached
14 hereto as Exhibit G. Mr. Zeff assisted me in responding to the Complaint and in successfully
15 opposing Yan's first application for injunctive relief to prevent me from enforcing my rights under
16 the Note and Chen Deed of Trust. When Mr. Zeff saw that this matter would require the services
17 of an attorney with expertise in foreclosing on real estate, he suggested that I locate alterative
18 counsel to represent me since he was not experienced in such matters.

19     12. At Mr. Zeff's suggestion, I thereafter retained Brett A. Pederson to represent me in
20 the First State Court Action. However over the first few months of that engagement, Mr. Pedersen
21 sent me bills totaling $19,168.00 which I thought was excessive for the amount of work done. True
22 and correct copies of the billing statements I received from the Law Offices of Brett A. Pederson
23 are attached hereto collectively as Exhibit H. Those statements describe the nature and type of
24 services Mr. Pedersen rendered on my behalf in this case, which includes the preparation and
25 filing of the detailed cross-complaint I filed against Yan to enforce the Note and Chen Deed of
26 Trust. Mr. Pedersen and I were unable to resolve our dispute over his fees so I was forced to locate
27 and engage new another lawyer to represent me. Thereafter Mr. Pederson and I arbitrated that fee
28

**DECLARATION OF STELLA CHEN IN SUPPORT OF POST-JUDGMENT MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**    (1319\P055b.JAM) 4

Law Offices of William Webb Farrer
300 Montgomery Street, Suite 600
San Francisco, CA 94104
(415) 765-9100

dispute and ultimately the arbitrator determined the reasonable amount of fees and costs he should be paid for the services rendered in this matter is $11,601.50, which I have paid. A true and correct copy of the arbitrator's award and decision are attached hereto collectively as Exhibit I.

13. As a result of the billing dispute with Mr. Pedersen, I then retained my current counsel, the Law Offices of William Webb Farrer (the "Farrer Firm"), to represent me in the First State Court Action, as well as in the second state court action that Yan filed against me in San Francisco Superior Court as Case No. CGC-04-436872 (the "Second State Court Action"), and to represent my interests when Yan filed a Chapter 11 bankruptcy petition initiating the matter entitled *In re Demas Wai Yan*, U.S. Bankruptcy Court for the Northern District of California Case No. 04-33526, the adversary proceeding entitled *Chen v. Yan*, U.S. Bankruptcy Court for the Northern District of California Adversary Proceeding Case No. 05-03236 and the adversary proceeding entitled *Yan v. Fu*, U.S. Bankruptcy Court for the Northern District of California Adversary Proceeding Case No. 05-03257.

14. When Yan refused to market the Property for sale. I commenced non-judicial foreclosure proceedings under the Chen Deed of Trust. Yan did not cure the defaults alleged so I was forced to recorded a notice of trustee's sale against the Property which did not proceed because Yan filed bankruptcy before the sale date. In connection with those foreclosure proceedings, the trustee under the Chen Deed of trust billed me the sum of $3203.00 which I have paid. A true and correct copy of the foreclosure trustee's invoice for those services is attached hereto as Exhibit J

15. On December 21, 2005, this Court entered a Judgment in my favor against Yan in the amount of $450,000, plus attorneys fees and costs incurred herein as are awarded by the court. A true and correct copy of that Judgment is attached hereto as Exhibit K.

16. As of January 2, 2006, I have incurred attorneys fees to the Farrer Firm in the amount of $236,479.77. I have paid all fees and costs incurred by the Farrer Firm through November 30, 2005 and I intend to pay his only outstanding invoice, dated January 4, 2006, in the amount of $1841.70 later this month. True and correct copies of the billing statements I received

**DECLARATION OF STELLA CHEN IN SUPPORT OF POST-JUDGMENT MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS** (1319\P055b.JAM) 5

from the Farrer Firm are attached to the Declaration of William Webb Farrer filed and served concurrently herewith.

17. To date the total fees and costs I have incurred to litigate against the meritless claims filed by Demas Yan against me is $260,503.52, broken down as follows:

| | |
|---|---:|
| Law Offices of David M. Zeff | $ 9,219.25 |
| Law Offices of Brett A. Pederson | 11,601.50 |
| Law Offices of William Webb Farrer | 236,479.77 |
| Trustee's fees to Alliance Title | 3,203.00 |
| Total: | $260,503.52 |

18. I understand that Yan has filed a motion to amend the Judgment entered in my favor and against him and has also decided to appeal that Judgment. Accordingly I have been forced to incur additional attorneys fees and cost to oppose those matters in order to enforce the terms of the Note and Chen Deed of Trust. I therefore request that any award of the fees and cost I have incurred to date in these matters be without prejudice to my right to seek additional fees and costs incurred and not covered by that award in the event the Judgment is affirmed in my favor. I also request that the court specifically authorize me to enforce payment of the Judgment and fee/cost award at this time since the monies covered by the Note and deed of Trust have been owed for almost four years and Yan's failure to repay those obligations has caused extreme financial hardship to my family and me.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: January 19, 2006            /s/
                                    Stella Chen

**DECLARATION OF STELLA CHEN IN SUPPORT OF POST-JUDGMENT MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS** (1319\P055b.JAM) 6

Case: 05-03236    Doc# 55    Filed: 01/19/06    Entered: 01/19/06 18:20:15    Page 6 of 6